FILED
SUPERIOR COURT
OF GUAM

2024 JAN 23 PM 4:32

CLERK OF COURT

BY:

## IN THE SUPERIOR COURT OF GUAM

| | |
|---|---|
| HEE K. CHO and MIN S. CHO,<br><br>               Plaintiffs,<br><br>v.<br><br>ALUPANG BEACH CLUB, INC. and<br>STEVEN KASPERBAUER,<br><br>               Defendants. | CIVIL CASE NO. CV1059-17<br><br>**DECISION AND ORDER**<br>*Re: Plaintiffs' Motion to Amend or Vacate Judgment; or, in the Alternative, Motion for a New Trial* |

This matter came before the Honorable Arthur R. Barcinas on October 31, 2023, for a hearing on Plaintiffs Hee K. Cho and Min S. Cho's (collectively, "Plaintiffs") Motion to Amend or Vacate Judgment; or, in the Alternative, Motion for a New Trial ("Motion"), filed on June 10, 2023. Alupang Beach Club, Inc. and Steven Kasperbauer's (collectively, "Defendants") Second Motion for Summary Jud filed on March 15, 2022. Plaintiffs were represented by Attorney Bill Mann. Defendants Alupang Beach Club, Inc. and Steven Kasperbauer (collectively, "Defendants") were represented by R. Todd Thompson, with Defendant Kasperbauer present. After reviewing the pleadings and oral arguments, for the reasons set forth below, the Court hereby **DENIES** the Motion.

## BACKGROUND

This matter arises from a Complaint filed by Plaintiffs on October 9, 2017. On August 2, 2018, the Court issued a Decision and Order denying Defendants' first Motion for Summary

Judgment Based on Anti-SLAPP Statute, on the grounds that the differences between the Replacement Horizontal Property Regime ("HPR") and the Amended HPR were not sufficiently material to sustain a claim for CPGA relief. On August 7, 2018, the Defendants appealed the Court's Decision and Order and filed a Notice of Appeal with the Supreme Court of Guam.

On May 28, 2020, the Supreme Court of Guam issued an Order affirming the trial court's decision that summary judgment under the CPGA was not appropriate because the scope and applicability of the parties' Settlement Agreement and Mutual Release ("SAMR") to the Amended HPR was unclear, and that the parties should therefore have the opportunity to flesh out those issues on the merits. *Cho v. ABC, Inc.* 2020 Guam 10 ¶ 17.

On March 15, 2022, Defendants filed the Second Motion for Summary Judgment ("Second MSJ"), sans all claims pursuant to the CPGA. Defendants argued that: (1) Plaintiffs lack standing to seek restitution of the settlement consideration because they did not pay the consideration in the first place; (2) even if the Court finds Plaintiffs have standing, courts are unwilling to find waiver of the right to petition in circumstances which fall short of being clear and compelling; and (3) ABC did not "clearly, compelling and unambiguously" waive its right to participate in all GLUC proceedings in perpetuity.

On April 12, 2022, Plaintiffs filed their opposition to the Second MSJ, arguing that the "law of the case" doctrine barred the Court from revisiting any waiver issues involving the breach of contract, and alternatively arguing that factual issues identified by the Supreme Court allegedly precluded summary judgment. In the instant Motion, Plaintiffs allege that these arguments were in support of Plaintiffs' claimed right to injunctive relief against Defendants.

On May 16, 2023, the Court granted summary judgment in favor of Defendants. On June 9, 2023, the Court entered its Judgment dismissing the case with prejudice. On June 20, 2023,

Plaintiffs filed the instant Motion. On July 11, 2023, Defendants filed their opposition to the Motion. On July 31, 2023, Plaintiffs filed their reply to the opposition.

## ANALYSIS

### I.   **Legal Standard**

Plaintiffs move the Court to amend or vacate its Judgment, or to grant a new trial, under Guam R. Civ. P. ("GRCP") 59. Pursuant to GRCP 59(b) and 59(e), any motion to alter or alter or amend a judgment, or motion for a new trial shall be filed no later than 10 days after entry of the judgment. The Court's Judgment in this matter having been entered on June 9, 2023, and Plaintiffs' Motion having been filed on June 20, 2023, the Court finds that the Motion is untimely filed. However, a motion for reconsideration may be either a Rule 59 motion or a Rule 60 motion, and the Guam Supreme Court has held that an untimely Rule 59 motion alleging error by the Court may be construed as brought under GRCP 60(b)(6). *Merchant v. Nanyo Realty, Inc.*, 1998 Guam 26 ¶ 7-8.

### a.  **GRCP 60(b)**

On motion, the Court may relieve a party or a party's legal representative from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence, which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud, misrepresentation, or other misconduct of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (6) any other reason justifying relief from the operation of the judgment. Guam R. Civ. P. 60(b). The Guam Supreme Court has found that relief under GRCP 60(b)(6) requires a finding of

extraordinary circumstances, and that those circumstances have prevented the moving party from taking timely action to prevent or correct an erroneous judgment. *Rong Chang Company, Ltd., Inc., v. M2P, Inc., et al*, 2012 Guam 1 ¶ 50; *Nanyo*, 1998 Guam 26 ¶ 9. The Court finds that the circumstances are not sufficiently extraordinary, and that Plaintiffs were not prevented from taking timely action to prevent or correct the Court's allegedly erroneous Order. Furthermore, even if the Court were to reconsider Plaintiffs' Motion, it would be denied for the following reasons:

II. **The Court did not err in dismissing the entire case because Plaintiffs abandoned the injunctive relief claim in their opposition to the Second Motion for Summary Judgment.**

Plaintiffs argue that the Court erred in dismissing the entire case because "the Plaintiffs' Complaint contained two claims. The first and most important claim is for injunctive relief (Count I) to preclude the Defendants from objecting to the Plaintiffs' application to the GLUC for an amended HPR or otherwise breaching the 2004 Settlement Agreement and Mutual Release ('SAMR')." Plaintiffs allege that the request for money damages based on the Plaintiffs' asserted right to a refund of the money paid to the Defendants by Hibari is "a secondary claim." The Court disagrees.

A failure to provide any argument regarding a claim in an opposition to a motion for summary judgment is considered an abandonment of that claim. *See., e.g. Coleman v. Bank of New York Mellon*, 798 Fed.Appx. 131, 132 (9th Cir. 2020). A party abandons an issue when they "make[] only passing references to it, reference[] it as mere background to main arguments, or bur[y] it within other arguments." *Barry v. Crestwood Healthcare LP*, 84 F.4th 1300, 1313 (11th Cir. 2023). Abandonment of a claim or issue can also occur when passing references to it are made in the statement of the case or summary of the argument. *Kelliher v. Veneman* 313 F.3d 1270, 1274 n.3 (11th Cir. 2002) (holding that mentioning a claim in the summary of the argument section is not enough to raise the issue and that the claim is deemed abandoned). A party's failure

to raise an issue in opposition to a motion for summary judgment may also operate as a waiver of that issue. *See, e.g., Image Tech. Serv., Inc. v. Eastman Kodak*, 903 F.2d 612, 615 n.1 (9th Cir. 1990). A party cannot revisit theories on appeal that it raises but abandons at summary judgment. *Ramirez v. City of Buena Park*, 560 F.3d 1012, 1026 (9th Cir. 2009).

Regarding Plaintiffs' injunctive relief claim, injunction is an equitable remedy, and is not a remedy which issues as a matter of course. *Weinberger v. Romero-Barcelo*, 456 U.S. 305, 311 (1982). An injunction should issue only where the intervention of a court of equity "is essential in order effectually to protect property rights against injuries otherwise irremediable." *Id.* Furthermore, injunctive relief is an extraordinary remedy that may only be awarded upon a clear showing that the plaintiff is entitled to such relief. *Winter v. Natural Resources Defense Council, Inc.*, 555 U.S. 7, 22 (2008). Injunctive relief will be denied where a plaintiff has an alternative legal remedy that will provide the same relief. *Weaver v. Florida Power & Light Co.*, 172 F.3d 771, 773 (11th Cir. 1999).

Plaintiffs claim in their Motion that their arguments in the April 12, 2022 Opposition to Defendants' Second MSJ ("Second MSJ Opposition") were in support of injunctive relief. However, Plaintiffs mention "injunctive relief" only once in the introduction of their Opposition, and offer no substantive argument in explicit support of their injunctive claim, nor do they mention anything involving injunctive relief or any injunction anywhere else in their Opposition.

Further, while Plaintiffs' Complaint presents Counts One and Two as separate claims, Count Two is simply seeking monetary damages as an alternative remedy for the breach of contract claim in Count One, which seeks injunctive relief. In the Second MSJ Opposition, Plaintiffs argue that the Court "adjudge the defendants in breach of contract and find that a waiver of ABC's rights to petition were clear and beyond question," but do not expressly argue why

injunctive relief should be the remedy for such breach. Second MSJ Opp., at 9. In fact, outside of the single mention of injunctive relief in the introduction, Plaintiffs do not expressly argue for any relief in the Second MSJ Opposition, save for monetary damages.

For example, Plaintiffs offer as proof of standing "additional significant probative evidence supporting the allegation in the Complaint that the Chos are successors to the Hibari right of refund." Second MSJ Opp., at 10. There is no mention of standing for injunctive relief, or how said relief would remedy the alleged harm, merely an argument that Plaintiffs have standing for monetary relief because "the Cho Group is the sole successor to the Hibari Guam right of refund." *Id.* (quoting Declaration of Hee K. Cho, ¶ 17 (March 8, 2018)).

The only remedy that Plaintiffs explicitly argue for in the Second MSJ Opposition is the following:

> ABC's conduct, including provocative written objections sent to the GLUC, was not only unimmunized by the CPGA, it was a material breach of the SAMR for which Plaintiffs have been injured in fact. Plaintiffs' injury is a direct result of this breach and Defendants have been unjustly enriched by taking payment as consideration for settlement, promising not to oppose a materially similar amendment to the Replacement HPR, and then breaching that contractual promise. **An Order of this Court requiring Defendants to pay Hibari's right of refund, which Plaintiffs now possess as a matter of law, or to compensate Plaintiffs for Defendants' unjust enrichment, would redress the harm caused by Defendants' breaches of the SAMR.**

Second MSJ Opp., at 17 (emphasis added). Upon the Court's review, no such statements in the Second MSJ Opposition expressly seek injunctive relief as a remedy.

There being no argument expressly in support of injunctive relief within the Second MSJ Opposition, Plaintiffs' injunctive claim would effectively be abandoned and only the claim for monetary damages would survive.

III. **The Court did not err in dismissing the case without allowing the Plaintiffs an opportunity to amend their Complaint.**

Plaintiffs further argue that the Court erred in not allowing Plaintiffs to amend their Complaint, citing the rule that "a complaint should not be dismissed without leave to amend unless amendment would be futile." Mot., at 8 (citing *Carolina Cas. Ins. Co. v. Team Equipment et al.*, 741 F.3d 1082 (9th Cir. 2014).

The ultimate decision whether to grant leave to amend is entrusted to the sound discretion of the trial court. *Pisciotta v. Teledyne Indus.*, 91 F.3d 1326, 1331 (9th Cir. 1996). A trial court abuses its discretion when its decision is based on clearly erroneous factual findings or an incorrect legal standard. *Agana Beach Condo. Homeowners'Ass'n v. Untalan*, 2015 Guam 35 ¶ 12. A finding of fact is clearly erroneous where it is not supported by substantial evidence. *Ptack v. Ptack*, 2015 Guam 5 ¶ 24. Guam courts apply the *Foman* factors when deciding a request for leave to amend. *Guam Top Builders, Inc. v. Tanota Partners*, 2006 Guam 3 ¶ 26. "In the absence of any apparent or declared reason – such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc. – the leave should, as the rules require, be freely given." *Foman v. Davis*, 371 U.S. 178, 182 (1962). Outright refusal to grant leave without any justifying reason amounts to an abuse of the trial court's discretion. *Id.*

Again, Plaintiffs argue that they should be granted leave to amend, given the Judiciary's liberal standards for doing so. While the Court would ordinarily grant Plaintiffs a chance to amend upon request, Plaintiffs' injunctive relief claim is effectively abandoned for the reasons stated above. The Ninth Circuit has found that a trial court does not abuse its discretion in denying leave to amend when the amended complaint would attempt to revive an abandoned claim, because

amendment could not have revived the abandoned claim. *United States ex rel. Anita Silingo v. WellPoint, Inc., et al.*, 904 F.2d 667, 676 (9th Cir. 2018). Under that standard, an attempt to amend the complaint to include the abandoned injunctive relief claim would be futile. "Futility of amendment can, by itself, justify the denial of a motion for leave to amend." *Bonin v. Calderon*, 59 F.3d 815, 845 (9th Cir. 1995).

Therefore, the Court finds that Plaintiffs would not have had the opportunity to amend their Complaint, because doing so would have been futile given Plaintiffs' inability to revive their abandoned claim.

### IV. The Court did not err in ruling that Plaintiffs lacked standing for their refund assignment claim.

Finally, Plaintiffs argue that the Court erred in ruling that Plaintiffs do not have standing on their refund claim, because the Court allegedly: (1) did not view the evidence and draw inferences in the light most favorable to Plaintiffs as the nonmoving party; and (2) prematurely judged the weight of Plaintiff Hee Cho's declaration as testimony. The Court maintains that, even in the light most favorable to Plaintiffs, Plaintiffs have not offered a legal argument as to why, as Plaintiff Hee Cho, declared, "[t]he Cho Group is the sole successor to the Hibari Guam right of refund." They merely offer this statement from Cho, as well as a statement that, since 2004, Plaintiff Hee Cho allegedly relied to his detriment on a belief that Defendant ABC had executed a valid waiver and release of its petition rights under the SAMR. Decl. of Plaintiff Hee K. Cho, ¶ 17 (Mar. 8, 2018). Cho alleges that, upon said detrimental reliance, he authorized "the Hibari Guam and Cho Group payment of $490,000 to ABC to secure settlement, waiver, release, and promise of non-objection and non-interference by ABC." *Id.*

On review, the Court finds no manifest error of law that would render its Order erroneous, and the arguments Plaintiffs now make cite no case that would otherwise convince the Court that any portion of the Order is manifestly wrong as to any issue of law.

Therefore, even if Plaintiffs' Motion met the standard for reconsideration under GRCP 60(b), which it does not, the Court finds that none of Plaintiffs' arguments would pass muster on the merits.

## CONCLUSION

Accordingly, the Court hereby **DENIES** Plaintiff's Motion.

**IT IS SO ORDERED** this day of _____JAN 2 3 2024_____.



**HONORABLE ARTHUR R. BARCINAS**
**Judge, Superior Court of Guam**